**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-1272**

_____

NICIA ARACELY GARRIDO-GUARDADO; J.J.A.G.; J.J.A.G.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  February 1, 2022                    Decided:  May 16, 2022

_____

Before DIAZ and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Petition denied in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Aimee E. Deverall, DEVERALL IMMIGRATION LAW, LLC, Bluffton, South Carolina, for Petitioners.  Brian M. Boynton, Acting Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Andrew N. O'Malley, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicia Aracely Garrido-Guardado and her two sons, natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the immigration judge's (IJ) decision denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny in part and dismiss in part the petition for review.

We will deny the petition for review if the agency's determination regarding a noncitizen's eligibility for asylum or withholding of removal is supported by substantial evidence on the record considered as a whole. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Legal issues are reviewed de novo. *Li Fang Lin v. Mukasey*, 517 F.3d 685, 691-92 (4th Cir. 2008). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" *Marynenka v. Holder*, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D)).

"When an applicant claims that she fears persecution by a private actor, she must also show that the government in her native country is unable or unwilling to control her persecutor." *Diaz de Gomez v. Wilkinson*, 987 F.3d 359, 365 (4th Cir. 2021) (internal quotation marks omitted). "Whether a government is 'unable or unwilling to control' private actors is a factual question that must be resolved based on the record in each case." *Crespin-Valladares v. Holder*, 632 F.3d 117, 128 (4th Cir. 2011) (internal quotation marks omitted).

2

We conclude that substantial evidence supports the agency's finding that the Petitioners failed to show that the Honduran government was unable or unwilling to control Garrido-Guardado's persecutor—her ex-husband. Specifically, Garrido obtained a protective order against her ex-husband from a local Peace Court in Honduras. But she fled to the United States the same month she obtained the order and without any opportunity for local law enforcement to enforce it. So on this record, substantial evidence suggests the Honduran government was willing to protect Garrido-Guardado, and there's no evidence the order would have been ineffective. Accordingly, we deny the petition for review of the denial of asylum and withholding of removal. *See Orellana v. Barr*, 924 F.3d 145, 153 (4th Cir. 2019) ("[A]n applicant who relinquishes a protective process without good reason will generally be unable to prove her government's unwillingness or inability to protect her.").

We may review a final order of removal "only if" the noncitizen "has exhausted all administrative remedies available." 8 U.S.C. § 1252(d)(1). Additionally, "a noncitizen's failure to exhaust administrative remedies as to a particular claim bars judicial review of that claim." *Perez Vasquez v. Garland*, 4 F.4th 213, 228 (4th Cir. 2021). We conclude that the Petitioners failed to exhaust the IJ's dispositive finding that the likelihood of future torture was low and that the claim for protection under the CAT was based on speculation. We further note that the Petitioners fail to contest in their brief before this court the Board's ruling that they failed to meaningfully challenge the IJ's findings in this regard. Accordingly, we dismiss in part the petition for review.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED IN PART*
*AND DISMISSED IN PART*